The relief described hereinbelow is SO ORDERED.

Signed August 18, 2014.

_____
Ronald B. King
United States Chief Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: § | CASE NUMBER: 12-53905-rbk |
| DARLA SHAWN MESSINA § | CHAPTER 13 |
| DEBTOR § | |

### AGREED ORDER CONDITIONING AUTOMATIC STAY
(Related to Docket Entry # 61)

CAME ON before the Court for consideration the Motion For Relief from Stay Against Property as to 415 DEVONSHIRE DRIVE, San Antonio, TX 78209 and Waiver of Thirty Day Requirement ("Motion") filed by Nationstar Mortgage LLC ("Movant"). The Court finding based on the representations of counsel for Movant, that the Chapter 13 Trustee has expressed no opposition to the Motion and further finding as evidenced by the signatures on this Order by counsel for Movant and counsel for Darla Shawn Messina, ("Debtor") that Movant and Debtor have reached an agreement to condition the automatic stay of 11 U.S.C. § 362 as to certain real property ("Property") which secures a debt owed to Movant by Debtor, it is accordingly:

ORDERED that the continuation of the automatic stay of 11 U.S.C. § 362 ("Stay") is conditioned as to the property at 415 Devonshire Drive, San Antonio, TX 78209, which is legally described as:

> LOT 23 AND THE EAST 5 FEET OF LOT 24, BLOCK 30, NEW CITY BLOCK 9069, TERRELL HEIGHTS, UNIT 5, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 2575, PAGE 178, DEED AND PLAT RECORDS OF BEXAR, COUNTY, TEXAS.

(the "Property").

It is further ORDERED that the conditions under which the Stay shall remain in effect are as follows:

1. <u>Regular Payments</u>. Pursuant to the terms of the Note ("Note"), dated March 12, 2004, held by Movant and secured by a Deed of Trust encumbering the Property, Debtor shall disburse directly to Movant, promptly when due, each monthly installment that falls due under the terms of the Note, beginning the first day of August 2014. These installments are currently $1,155.85 per month. The regular payment shall be on or before the first day of the month (the contractual due date) for the month in which it is due. Failure to do so shall constitute a default pursuant to the terms of this Order. Should any regular payment arrive after the expiration of the grace period provided in the Note, Movant reserves the right to assess late charges by the Note. In the event that the monthly payment amount required under the terms of the Note should change in the future, Movant shall notify Debtor of the change, as required by applicable bankruptcy and non-bankruptcy law. Debtor should send all payments to the following address:

> Nationstar Mortgage LLC
> 350 Highland Dr.
> Lewisville, Texas 75067
> ATTN: BANKRUPTCY DEPARTMENT

2. In addition to the payments outlined above, Debtor shall cure the post-petition mortgage arrearage now owed to Movant in the amount of $3,607.15 which is described as follows:

| | |
|---|---|
| May 2014 through July 2014 @ $1,155.85 | $3,467.55 |
| Attorney's Fees | $500.00 |
| Filing Fee | $176.00 |
| Unapplied Funds | ($536.40) |
| TOTAL | $3,607.15 |

3. The total arrearage of $3,607.15 ("Total Arrearage") shall be cured by the amendment or modification of Debtor's existing Chapter 13 Plan to include the Total Arrearage as a secured claim owed to Movant.

4. Debtor shall file a Chapter 13 Plan amendment or modification in order to provide for the Total Arrearage to be paid over the remaining months of the Debtor's Chapter 13 Plan as a secured claim, within 30 days of the entry of this Order. The Trustee and Movant reserve the right to object to the modification of the plan.

5. If the amended or modified Chapter 13 Plan is not filed by the thirtieth (30th) day following the entry of this Order, the Stay is terminated as to the Property without further notice or action by this Court. Should the Debtor fail to obtain an Order confirming or modifying the revised Chapter 13 Plan within sixty (60) days from the date this Order is entered, the Stay is terminated as to the Property without further notice or action by this Court. If the amended or modified Chapter 13 Plan is timely and approved by the Court before the expiration of the sixty days from the entry of this Order, the Stay shall remain in effect unless Debtor fail to remain current with the Chapter 13 Trustee. If the Debtor fall behind on the payments to the Chapter 13 Trustee, such delinquency shall constitute an event of default under the terms of this Order.

6. Further, Debtor shall be allowed forty-five (45) days to provide proof of any additional post-petition payments not previously credited to the account with Movant and if the same is provided then these additional payments shall be reduced accordingly.

It is further ORDERED that Movant is allowed a supplemental fully secured claim as to the Property in the amount of $3,607.15.

It is further ORDERED that Debtor shall keep the Property insured against all loss by fire, windstorm, vandalism or other hazard in at least an amount sufficient to pay Movant the total amount of its claim, and that proof of such insurance shall at all times be furnished to Movant, without demand or other requirement.

It is further ORDERED that should Debtor fail to perform as required by this Order, Movant shall notify Debtor and Debtor's counsel by mailing written notice ("Notice") of the default via regular mail to the addresses reflected for Debtor and Debtor's counsel on the court's docket at the time of the Notice. If the default is not cured within ten (10) days of the date appearing on the Notice, the Stay shall be terminated with respect to the Property, without further notice to Debtor or further action by this Court. If the initial default is cured within ten (10) days of the date appearing on the Notice, the Stay shall remain in effect. If the initial event of default is cured and a second event of default occurs, Movant shall notify Debtor and Debtor's counsel by mailing a second Notice via regular mail to the addresses reflected for Debtor and Debtor's counsel on the court's docket at the time of the second Notice. If the second default is not cured within ten (10) days of the date appearing on the Notice, the Stay shall be terminated with respect to the Property, without further notice to Debtor or further action by this Court. If the second default is cured within ten (10) days of the date appearing on the Notice, the Stay shall remain in effect. If the second default is cured and a third event of default occurs, the Stay

shall be terminated with respect to the Property, without further notice to Debtor or further action by this Court.

It is further ORDERED that if Debtor provides Movant with evidence of post-petition payments (via canceled checks, tracers on money orders, etc.) not previously credited or applied, Movant shall credit such payments toward the Total Arrearage set forth in this Order and reduce any remaining monthly cure payments pro rata, if applicable.

It is further ORDERED that in the event the Stay is terminated under the provisions of this Order, Movant its successors in interest and assigns, is authorized to pursue its statutory and contractual remedies including the taking of any action in order to gain possession of, or foreclose upon, or conduct a short sale of, or accept a deed in lieu as the Property. The fourteen day provision of Rule 4001(a)(3) is waived and this Order may be immediately enforced and implemented. Upon Termination of the Stay, the Trustee shall cease all payment to Movant.

It is further ORDERED that to the extent the Debtor receives any funds greater than the amount due to Nationstar Mortgage LLC, and any other existing liens on the Property from the foreclosure sale, or from a sale of the Property by the Debtor, said funds are to be turned over to the Trustee for the benefit of the estate.

It is further ORDERED that in the event the Stay is terminated under the provisions of this Order, at its option, Movant may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement including a deed in lieu as allowed by state law. Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.

It is further ORDERED that upon termination of the stay Movant shall not be required to file any subsequent Notices of Mortgage Payment Change or Notices of Fees, Expenses of Charges as to the Property.

It is further ORDERED that all communications, including notices required by state law, in connection with proceeding against the Property may be sent directly to the Debtor.

It is further ORDERED that in the event this bankruptcy case is converted to a case under another chapter of the Bankruptcy Code, the Stay is terminated as to the Property without further action by this Court.

It is further ORDERED that in the event this bankruptcy case is dismissed, the terms of this Order shall be null and void as of the date of dismissal.

It is further ORDERED that in the event that an Order of Discharge is entered in the extant bankruptcy case the terms of this Order will no longer be binding on Movant as of the date the Order of Discharge is entered.

###END OF ORDER###

Submitted and agreed to by:

/s/ Anabel King

Anabel King / TBN 24067659
Email aking@logs.com
SHAPIRO SCHWARTZ, LLP
13105 Northwest Freeway, Suite 1200
Houston, TX 77040
Direct 713-933-1561
Telephone: (713)462-2565
Facsimile: (847)879-4856
Counsel for Nationstar Mortgage LLC
File Number: 13-011170

Agreed to by:

*[signature]*

MARY K. VIEGELAHN
CHAPTER 13 TRUSTEE
909 N.E. Loop 410, Suite 400
San Antonio, TX 7820

David Van Zyl
P39875
Staff Attorney

Agreed to by:

*[signature]* for

Jeffrey R. Davis
State Bar Number: _JSC SBN: 24071078_
Davis Law Firm
909 N.E. Loop 410, Ste.100
San Antonio, TX 78209
Telephone: (210) 826 7557
Facsimile: (210) 870-1539
Attorney for Debtor